Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, NY 10022

troutman.com



---

**James Kim**
james.kim@troutman.com

December 16, 2022

**VIA CM/ECF & EMAIL**

Hon. John P. Cronan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

**Re:    *CFPB v. MoneyLion Technologies Inc., et al.*, No. 1:22-cv-08308-JPC**

Dear Judge Cronan:

We write on behalf of the defendants in the above-captioned case ("MoneyLion") pursuant to Rule 1.A of Your Honor's Individual Rules And Practices In Civil Cases ("Individual Rules"). The purpose of this letter is to request that Your Honor extend the page limitations applicable to the briefing on MoneyLion's forthcoming Motion to Dismiss.

On December 6, 2022, Your Honor granted MoneyLion leave to file the Motion to Dismiss, and adopted the Parties' proposed briefing schedule. [ECF 50]. Under Rule 2.B of Your Honor's Individual Rules, memoranda of law are limited to 25 pages for the opening and opposition memoranda, with a reply memorandum limited to 10 pages. MoneyLion requests that the Court extend the page limits for the briefing as follows:

- 35 pages for MoneyLion's opening memorandum;

- 35 pages for Plaintiff's opposition; and

- 15 pages for MoneyLion's reply.

There is good cause to grant the request. As MoneyLion highlighted in its Pre-Motion Letter [ECF 49], there are a number of Constitutional and administrative grounds on which MoneyLion will move to dismiss the Complaint. In addition, MoneyLion will be moving to dismiss multiple claims on the ground that the Consumer Financial Protection Bureau ("CFPB") has not alleged a plausible claim. Although MoneyLion will aim to be concise in its arguments, the issues are complex and require more fulsome briefing.

Specifically, in connection with the arguments regarding the Constitution's Appropriations Clause, MoneyLion will address the contours of the clause, including the Fifth Circuit's recent ruling regarding the CFPB's funding structure. *See Cmty. Fin. Servs. Ass'n of Am., Ltd. v. Consumer Fin. Prot. Bureau*, 51 F.4th 616, 638–42 (5th Cir. 2022). Further, MoneyLion will also seek dismissal on Constitutional non-delegation grounds, with a focus on appropriations and the

**Hon. John P. Cronan**
December 16, 2022
Page 2



definition of unfair, deceptive and abusive acts.  In addition, MoneyLion will seek to dismiss the case on the ground that the Department of Defense's regulations under the Military Lending Act violate the Administrative Procedure Act.  Finally, MoneyLion will move to dismiss multiple counts in the Complaint on the ground that the CFPB has not stated a plausible claim for relief.  Given the issues raised in the CFPB's Complaint, and the arguments MoneyLion will make in response, MoneyLion believes additional pages are necessary.

On December 13, 2022, MoneyLion sought the CFPB's consent to the requested relief.  The CFPB responded that it would not oppose a request for an additional 5 pages for the opening memorandum (30 total pages), opposition (30 total pages), and the reply (15 total pages).  But the CFPB opposes the requested 10-page extension for both the opening memorandum and opposition.  For the reasons set forth above, MoneyLion believes a 10-page extension on the opening and opposition memoranda, and a 5-page extension on the reply, is warranted.

Thank you for your consideration of this request.

Respectfully submitted,

*/s/ James Kim*
James Kim
Misha Tseytlin
Stephen G. Rinehart
David M. Gettings


cc:  Max Peltz & Lane C. Powell (via CM/ECF)

The request is granted.  Defendants' memorandum in support of their motion to dismiss and Plaintiff's opposition shall be no more than 35 pages each, and Defendants' reply shall be no more than 15 pages.

SO ORDERED
Date: December 23, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge