**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Consumer Financial Protection Bureau,

Plaintiff,

v.

MoneyLion Technologies Inc., ML Plus, LLC, MoneyLion of Alabama LLC, MoneyLion of Arizona LLC, MoneyLion of California LLC, MoneyLion of Colorado LLC, MoneyLion of Connecticut LLC, MoneyLion of Delaware LLC, MoneyLion of Florida LLC, MoneyLion of Georgia LLC, MoneyLion of Idaho LLC, MoneyLion of Illinois LLC, MoneyLion of Indiana LLC, MoneyLion of Kansas LLC, MoneyLion of Kentucky LLC, MoneyLion of Louisiana LLC, MoneyLion of Maryland LLC, MoneyLion of Michigan LLC, MoneyLion of Minnesota LLC, MoneyLion of Mississippi LLC, MoneyLion of Missouri LLC, MoneyLion of Nevada LLC, MoneyLion of New Jersey LLC, MoneyLion of New Mexico LLC, MoneyLion of New York LLC, MoneyLion of North Carolina LLC, MoneyLion of North Dakota LLC, MoneyLion of Ohio LLC, MoneyLion of Oklahoma LLC, MoneyLion of Oregon LLC, MoneyLion of South Carolina LLC, MoneyLion of South Dakota LLC, MoneyLion of Tennessee LLC, MoneyLion of Texas LLC, MoneyLion of Utah LLC, MoneyLion of Virginia LLC, MoneyLion of Washington LLC, MoneyLion of Wisconsin LLC, and MoneyLion of Wyoming LLC,

Defendants.

No. 1:22-CV-8308-JPC

Judge John P. Cronan

**NOTICE OF SUPPLEMENTAL AUTHORITY CONCERNING DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

MoneyLion respectfully submits this Notice of Supplemental Authority to inform the Court of two recent United States Supreme Court decisions that impact arguments the Consumer Financial Protection Bureau ("CFPB") made in response to MoneyLion's Motion to Dismiss the First Amended Complaint. Dkt. 68.

**1. *Loper Bright Enters. v. Raimondo*, Nos. 22-451, -1219, 2024 WL 3208360 (U.S. June 28, 2024).**

On June 28, 2024, the Supreme Court issued its decision in *Loper Bright Enterprises v. Raimondo*, Nos. 22-451, -1219, 2024 WL 3208360 (U.S. June 28, 2024) (attached as **Exhibit A**). In *Loper Bright*, the Supreme Court overruled its prior decision in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). In doing so, the Supreme Court determined that "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the [Administrative Procedures Act ("APA")] requires." *Loper Bright*, 2024 WL 3208360, at *22. The Supreme Court confirmed that "courts need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Id.*

In the CFPB's Memorandum in Opposition to MoneyLion's Motion to Dismiss ("Opposition"), the CFPB asked the Court to reject MoneyLion's challenge to the "MLA Rule" because *Chevron* required the Court to give "controlling weight" to an agency interpretation of the MLA Rule. Dkt. 70 at 7. After *Loper Bright*, *Chevron* and its progeny are no longer good law. Accordingly, the Court should disregard the CFPB's argument that *Chevron* supports the Department of Defense's (and CFPB's) interpretation of the Military Lending Act and the Truth in Lending Act expressed in the relevant section of the MLA Rule.

**2. *Corner Post, Inc. v. Bd. of Governors of the Fed. Rsrv. Sys.*, No. 22-1008, 2024 WL 3237691 (U.S. July 1, 2024).**

On July 1, 2024, the United States Supreme Court issued its decision in *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, No. 22-1008, 2024 WL 3237691 (U.S. July 1, 2024) (attached as **Exhibit B**). In *Corner Post*, the Supreme Court analyzed the statutory text of 24 U.S.C. § 2401, which provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

*id.* The Supreme Court concluded that "[a]n APA claim does not accrue for purposes of § 2401's 6-year statute of limitations until the plaintiff is injured by final agency action," regardless of when the agency action became final. *Corner Post*, 2024 WL 3237691, at *10, 14.

The CFPB argued in its Opposition that MoneyLion's arbitrary-and-capricious challenge to the MLA Rule—but not MoneyLion's statutory challenge to the MLA Rule—was time-barred under Section 2401's six-year statute of limitations, which the CFPB argued "begins to run upon the issuance of the regulation." Dkt. 70 at *11 & nn.47–48 (citation omitted). This argument is now contrary to *Corner Post*, which makes clear that the six-year statute of limitations for APA challenges runs from the injury resulting from the final agency action, not the issuance of the regulation. *Corner Post,* 2024 WL 3237691, at *10, 14. Here, the CFPB has never alleged that the MLA Rule or the CFPB's enforcement action injured MoneyLion more than six years before MoneyLion filed its motion to dismiss. To the contrary, the CFPB's own complaint establishes that the earliest date of MoneyLion's injury is 2017. FAC ¶¶ 29, 55 (alleging that MoneyLion began offering loans in the membership program "[s]ince in or about the fall of 2017"). In fact, the federal government argued in *Corner Post* that no statute of limitations applied at all to a request for judicial review of an agency regulation in an enforcement proceeding like this one. *See Corner Post*, 2024 WL 3237691, at *6 n.2; *see* Brief of Respondent 33, *Corner Post*, No. 22-1008 (recognizing that "Section 2401(a) does not apply" to a "regulated party's ability to obtain review of agency action in such proceeding").

Dated: July 12, 2024

Respectfully submitted,

/s/ Misha Tseytlin
MISHA TSEYTLIN
TROUTMAN PEPPER HAMILTON SANDERS LLP
227 W. Monroe Street
Suite 3900
Chicago, IL 60606
(608) 999-1240
(312) 759-1939 (fax)
misha.tseytlin@troutman.com

JAMES KIM
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
(212) 704-6000
(212) 704-5957 (fax)
stephen.rinehart@troutman.com
james.kim@troutman.com

DAVID GETTINGS
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
(757) 687-7747
(757) 687-1545 (fax)
dave.gettings@troutman.com

*Attorneys for MoneyLion*