IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>                            Plaintiff,<br><br>      v.<br><br>MoneyLion Technologies Inc., *et al.*,<br><br>                            Defendants. | Case No. 1:22-cv-8308<br><br>Judge John P. Cronan |

**PLAINTIFF'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

The Department of Defense promulgated regulations under the Military Lending Act to address lending practices that undermine military readiness, harm morale, and add to the costs of fielding an all-volunteer fighting force. Defendants' pending motion to dismiss argues that in doing so the Department of Defense acted contrary to statute and arbitrarily and capriciously. Defendants are wrong. And the two recent Supreme Court decisions that they cite in their notice of supplemental authority of July 12, 2024 (Dkt. 88) are no help to them.

**I.** ***Loper Bright*** **does not undermine the Department of Defense's regulation regarding the calculation of military annual percentage rate.**

Defendants' motion to dismiss claims that the Department of Defense acted contrary to the Military Lending Act when it included participation fees in the MLA Rule's calculation of military annual percentage rate (MAPR). Mot. at 13-17 (Dkt. 69). That argument still fails after the Supreme Court's ruling in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024).

In *Loper Bright*, the Court overruled *Chevron U.S.A. Inc. v. NRDC, Inc.*, 467 U.S. 837 (1984)—which the Bureau cited in its opposition here, Opp. at 7 (Dkt. 70)—stating that "courts must exercise independent judgment in determining the meaning of statutory provisions." *Loper Bright*, 144 S. Ct. at 2262. The Court emphasized, however, that "the statute's meaning may well

be that the agency is authorized to exercise a degree of discretion," including because the statute expressly tasks an agency with "giv[ing] meaning to a particular statutory term" or "empower[s] an agency to prescribe rules to fill up the details of a statutory scheme." *Id.* at 2263 & nn.5-6 (quotation marks omitted). In such cases, courts "fulfill[] th[eir] role by recognizing constitutional delegations, fixing the boundaries of the delegated authority, and ensuring the agency has engaged in reasoned decisionmaking within those boundaries." *Id.* at 2263 (quotation marks, brackets, and citation omitted) (citing, inter alia, *Motor Vehicle Mfrs. Ass'n of United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983)).

This is one of those cases. The Military Lending Act directs the Secretary of Defense to "prescribe regulations to carry out [the Act]." 10 U.S.C. § 987(h)(1). And it specifically requires that such regulations define "[t]he method for calculating the applicable annual percentage rate of interest on such obligations, in accordance with the limit established under this section." *Id.* § 987(h)(2)(B). The statute thus expressly "authorize[s]" the Department of Defense "to exercise a degree of discretion" on the relevant question: whether creditors need to include participation fees when calculating MAPR. *See Loper Bright*, 144 S. Ct. at 2263. The Court reviews that exercise of discretion for whether "the agency has engaged in reasoned decisionmaking"—i.e., whether it acted reasonably by including participation fees in the calculation of MAPR. *Id.* The Department of Defense's MLA Rule easily passes muster under that deferential standard of review.

And to the extent that Defendants' claim is that the Department of Defense exceeded the "boundaries of [its] delegated authority" by including in the MAPR charges that are not included in the calculation of the APR under the Truth in Lending Act and Regulation Z, Defendants are wrong. For all the same reasons previously set out in the Bureau's opposition, Opp. at 7-11, the

*best* reading of the statute (not merely a reasonable reading) is that it permits the MLA Rule's inclusion of participation fees in the calculation of MAPR. The overruling of *Chevron* therefore makes no difference to the outcome here.

## II. *Corner Post* does not resuscitate Defendants' untimely and meritless arbitrary-and-capricious challenge to the Military Lending Act Rule.

The Bureau's opposition explained that Defendants' arbitrary-and-capricious challenge to the MLA Rule is time-barred, citing Circuit precedent that the relevant statute of limitations begins to run "upon issuance of the regulation." Opp. at 11 (quoting *Sai Kwan Wong v. Doar*, 571 F.3d 247, 263 (2d Cir. 2009)). The Supreme Court recently clarified in *Corner Post v. Board of Governors of the Federal Reserve System* that the relevant limitations period does not begin to run until the challenger "has the right to file suit and obtain relief," which requires that the challenger has "suffer[ed] an injury from final agency action." 144 S. Ct. 2440, 2450 (2024) (quotation marks omitted). For two reasons, that holding does not save Defendants' arbitrary-and-capricious claim.

First, Defendants incorrectly assume that they are "injured" by and could bring suit to challenge a regulation only once they begin violating that regulation. *See* Notice at 3 (Dkt. 88) (pointing to the date that Defendants "began offering loans in the membership program" as "the earliest date of MoneyLion's injury"). But "[t]he Supreme Court [has] explained that regulated parties generally need not violate a law in order to challenge the law." *State Nat'l Bank of Big Spring v. Lew*, 795 F.3d 48, 54 (D.C. Cir. 2015) (Kavanaugh, J.). Instead, it is well established that entities typically can challenge final agency actions to which they are subject. *See FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 382 (2024) ("Government regulations that require or forbid some action by the plaintiff almost invariably satisfy both the injury in fact and causation

3

requirements."); *Corner Post*, 144 S. Ct. at 2449 ("Section 702 authorizes persons injured by agency action to obtain judicial review").

Here, Defendants were "injured" for purposes of the statute of limitations and could have brought suit at least as of the date on which they were required to comply with the amended MLA Rule: October 3, 2016. *See* 80 Fed. Reg. 43,560 (July 22, 2015). Public records confirm that Defendant MoneyLion was in existence and operational on that date.[1] By that point, if not before, Defendants would have had standing to challenge the Rule. Because they did not do so within the 6-year statute of limitations, their arbitrary-and-capricious challenge is time-barred under 28 U.S.C. § 2401(a) and *Corner Post*.

Second, the Bureau has explained why Defendants' challenge, even if it were not time-barred, also would fail on the merits. *See* Opp. at 11-14. Nothing in *Corner Post* changes that analysis, which on its own is sufficient to reject Defendants' arbitrary-and-capricious challenge.

Dated: July 18, 2024                    Respectfully submitted,

                                                        Eric Halperin
                                                        *Enforcement Director*
                                                        Alusheyi J. Wheeler
                                                        *Deputy Enforcement Director*
                                                        Kara K. Miller
                                                        *Assistant Litigation Deputy*

                                                        */s/ Kevin E. Friedl*
                                                        Kevin E. Friedl (NY Reg. No. 5240080)
                                                        *Admitted Pro Hac Vice*

---

[1] *See* MoneyLion Inc., Form 10-K, at 1 (Mar. 7, 2024) (reporting that "MoneyLion was founded in 2013"), *available at* www.sec.gov/Archives/edgar/data/1807846/000095017024027617/ml-20231231.htm. To the extent that Defendants might contest that understanding and argue that they did not become subject to the Rule until later, that factual dispute only provides further reason why the Court should not accept Defendants' arbitrary-and-capricious challenge at this stage. While the Court could, if it chose, resolve that challenge by *rejecting* Defendants' arguments on the merits, it should in no event *endorse* Defendants' challenge without first confirming that the challenge is not time-barred.

Maxwell S. Peltz (CA Bar No. 183662)
*Admitted Pro Hac Vice*
David Dudley (NY Reg. No. 3056546)
*Admitted Pro Hac Vice*
Mark Ladov (SDNY Bar No. ML1053)
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
(202) 435-9268
kevin.friedl@cfpb.gov

*Attorneys for Plaintiff*
*Consumer Financial Protection Bureau*

5