Troutman Pepper Locke LLP
875 Third Avenue
New York, NY 10022

troutman.com

**James Kim**
james.kim@troutman.com

February 6, 2025

**VIA CM/ECF & EMAIL**

Hon. John P. Cronan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:   *CFPB v. MoneyLion Technologies Inc., et al.*, No. 1:22-cv-08308-JPC

Dear Judge Cronan:

We write on behalf of the Defendants in the above-captioned case (collectively, "MoneyLion") pursuant to Rules 1.A and 6.A of Your Honor's Individual Rules And Practices In Civil Cases.  We write to notify the Court of MoneyLion's intent to seek a stay of the case given recent directives from the newly-appointed Acting Director at the Consumer Financial Protection Bureau ("CFPB"), pausing agency activities, including enforcement actions.  MoneyLion raised this proposed stay with the CFPB staff attorneys handling this case.  They stated that "CFPB leadership"—without referencing the Acting Director—opposes a stay.

As the Court knows, the CFPB sued MoneyLion for alleged violations of the Military Lending Act and the Consumer Financial Protection Act.  MoneyLion's Motion to Dismiss the First Amended Complaint remains pending.  Dkt. 68.  On January 13, 2025, the Court heard oral argument on the Motion to Dismiss.

In the past few days, President Trump removed the CFPB's (former) Director, Rohit Chopra, and named Secretary of the Treasury, Scott Bessent, as Acting Director.[1]  It has been widely reported that all CFPB personnel and contractors cannot engage in many activities "unless expressly approved by the Acting Director or required by law."  The directive expressly prohibits—unless approved by Acting Director Bessent—"mak[ing] or approv[ing] filings or appearances by the Bureau [CFPB] in any litigation, other than to seek a pause in proceedings."[2]

The reported directive is consistent with actions the CFPB took on February 3, 2025 before two oral arguments in the United States Court of Appeals for the Fifth Circuit.  Specifically, in *Texas Bankers Association et al. v. CFPB*, No. 24-40705 (5th Cir.), the CFPB filed an "Emergency

---

[1]  *See Statement on Designation of Treasury Secretary Scott Bessent as Acting Director of the Consumer Financial Protection Bureau*, https://www.consumerfinance.gov/about-us/newsroom/statement-on-designation-of-treasury-secretary-scott-bessent-as-acting-director-of-the-consumer-financial-protection-bureau/ (last visited on February 4, 2025).

[2]  *See*, *e.g.*, Treasury's Bessent Takes CFPB Reins, Halts Agency Action, Law360, February 4, 2025, attached as **Exhibit A**.

Notice" that stated "Counsel for the CFPB has been instructed not to make any appearances in litigation except to seek a pause in proceedings. Accordingly, counsel for the CFPB will appear at today's hearing but will not present argument other than to respectfully request a pause in proceedings." *See* **Exhibit B**. The CFPB filed a substantially similar notice—using the same language—in *Chamber of Commerce v. CFPB*, No. 23-40650 (5th Cir.). *See* **Exhibit C**.

Thus, these public statements, along with the CFPB's internal directive, indicate the agency wants to temporarily freeze all enforcement actions, including active litigation, so the Acting Director can assess whether each action is consistent with the goals of the new Administration.

Given these directives, on February 3 and 5, MoneyLion's counsel contacted the CFPB's counsel to confirm whether Acting Director Bessent has authorized the continued prosecution of this lawsuit. MoneyLion's counsel also informed the CFPB's counsel that MoneyLion planned to file a pre-motion letter, seeking a stay of the case. CFPB's counsel responded that "CFPB leadership" opposes the stay because the Motion to Dismiss has been fully briefed and there is nothing for the parties to do. The CFPB attorney's response did not answer whether the Acting Director has approved the continued prosecution of this case. The response also ignores that the Court is likely preparing a decision on the Motion to Dismiss that may be moot if Acting Director Bessent—after considering the prior Director's novel claims and theories that exceed the plain language of the MLA, TILA, and the CFPA—declines to prosecute this case.

Because the Acting Director's freeze creates uncertainty about whether the CFPB will continue this lawsuit, MoneyLion believes a stay is appropriate. Acting Director Bessent and the new Administration should be afforded a meaningful opportunity to consider the complex issues relating to the Administrative Procedure Act ("APA") and the MLA rule raised in the Motion to Dismiss, which have broader policy consequences beyond the immediate parties. For example, the Court is considering whether the MLA rule contravenes the MLA and the APA, with the Court's decision potentially setting precedent regarding the applicability and interpretation of the MLA. The new Administration needs time to consider these important issues. A stay is also the most efficient approach, because the Court can save time and resources by pausing its consideration of the Motion to Dismiss while the Acting Director determines whether continuing this lawsuit is consistent with the goals of the new Administration. In sum, the pending Motion to Dismiss increases the need for a stay. Before the Court decides the Motion to Dismiss, the Acting Director should be given sufficient time to assess whether litigating the defects in the First Amended Complaint is consistent with the new Administration's goals.

For these reasons, MoneyLion respectfully seeks leave to move for a stay.

Respectfully submitted,

*/s/ James Kim*

James Kim
Dave Gettings
Misha Tseytlin

cc: Max Peltz, David Dudley, Mark Ladov, Miriam Lederer, Ryan Cooper (via CM/ECF)

The request for leave to file a motion for a stay is denied without prejudice because the instant letter does not propose a briefing schedule as required under Individual Civil Rule 6.A. On or before February 14, 2025, the CFPB shall file a letter stating whether it intends to continue prosecuting this action. Within three days after CFPB's filing of that letter, MoneyLion shall file a letter that either renews its request for leave to file a motion for a stay or indicates that it no longer intends to file such a motion. If MoneyLion renews its request for leave to file a motion for a stay, the CFPB shall respond to that letter in accordance with Individual Civil Rule 6.A.

SO ORDERED.
Date: February 7, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge