

James Kim
T: +1 212 479 6256
jameskim@cooley.com

Via ECF and E-Mail
(CronanNYSDChambers@nysd.uscourts.gov)

May 23, 2025

Hon. John P. Cronan
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:     *CFPB v. MoneyLion Technologies, et al.*, No. 1:22-cv-08308-JPC

Dear Judge Cronan:

We write on behalf of the Defendants in the above-captioned case (collectively, "MoneyLion") pursuant to Rules 1.A and 6.A of Your Honor's Individual Rules and Practices in Civil Cases. The purpose of this letter is to notify the Court of MoneyLion's proposed motion to dismiss Plaintiff's Second Amended Complaint.

On September 29, 2022, the Consumer Financial Protection Bureau ("CFPB") sued MoneyLion in this matter under the Military Lending Act and the Consumer Financial Protection Act. *See* Dkt.1. On March 24, 2025, the Court dismissed Counts Two, Three, Four, and Five of the CFPB's First Amended Complaint, as well as the portions of Count Six based on the alleged violations of the dismissed Counts. *See* Dkt.117 at 2. The Court provided the CFPB with an opportunity to file a second amended complaint by April 23, 2025, addressing the pleading deficiencies in Count Five and the related allegations in Count Six. *Id*. at 61. On April 22, 2025, the Bureau filed a Second Amended Complaint. Dkt.119. MoneyLion filed an unopposed letter motion requesting an extension of time to May 23, 2025 to respond to the Second Amended Complaint. Dkt.120.

The CFPB's lawsuit remains defective despite the CFPB's most recent amendment of its complaint. Under the U.S. Supreme Court's decision in *CFPB v. Cmty. Fin. Servs. Ass'n of Am. ("CFSA"),* 601 U.S. 416 (2024) and the text of the relevant section of the Dodd-Frank Act, the CFPB is unlawfully pursuing this lawsuit because it has not had any constitutionally-appropriated funding since 2022. MoneyLion seeks to dismiss the Second Amended Complaint on that basis as summarized below.

***The CFPB Lacks Lawfully Appropriated Funding To Prosecute This Lawsuit Because The Federal Reserve Currently Lacks "Combined Earnings."***

For a government agency to bring an enforcement action, prosecute a lawsuit, or take any action, it must be lawfully funded. *Seila Law LLC v. CFPB*, 591 U.S. 197, 233 (2020). Proper appropriation "is as much a precondition to every exercise of executive authority by an administrative agency as a constitutionally proper appointment or delegation of authority" and agency actions taken without such lawful appropriations are unlawful. *CFPB v. All Am. Check Cashing, Inc.,* 33 F.4th 218, 242 (5th Cir. 2022) (en banc) (Jones, J., concurring); *see also United States v. McIntosh*, 833 F.3d 1163, 1175 (9th Cir. 2016); *CFSA v. CFPB*, 51 F.4th 616, 642 (5th Cir. 2022) (citing as examples *Lucia v. SEC*, 585 U.S. 237 (2018)

# Cooley

May 23, 2025
Page Two

and *NLRB v. Noel Canning*, 573 U.S. 513 (2014)), *rev'd sub nom on other grounds, CFPB v. CFSA,* 601 U.S. 416 (2024).  Unfunded agency action is also barred by the Antideficiency Act.  31 U.S.C. §§ 1341–42.

Government action without legally appropriated funds violates the "straightforward and explicit command of the Appropriations Clause."  *Off. of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 424 (1990); U.S. Const. art. I, § 9, cl. 7.  An agency "cannot touch moneys [to be deposited in the] treasury of the United States, except expressly authorized by act of Congress."  *Richmond*, 496 U.S. at 426 (quoting *Knote v. United States*, 95 U.S. 149, 154 (1877)).  And, where an official "exercise[s] . . . power that the actor did not lawfully possess," *Collins v. Yellen*, 594 U.S. 220, 258 (2021), the "remedy in those cases" is "invalidation of the unlawful actions," *CFSA*, 51 F.4th at 642 (citation omitted), and dismissal of the case, *Seila Law LLC*, 591 U.S. at 197.

The CFPB receives its appropriations from only two lawful sources: the "combined earnings" of the Federal Reserve or directly from Congress if the CFPB requests such funding and Congress provides it.  12 U.S.C. § 5497(a)(1); *id.* § 5497(e); *CFSA*, 601 U.S. at 425–26, 435, 441.  The U.S. Supreme Court, in *CFPB v. CFSA,* held that funding from the combined earnings of the Federal Reserve complies with the Constitution's Appropriations Clause because the Federal Reserve transfers "*surplus* funds in the Federal Reserve System [that] would otherwise be deposited into the general fund of the Treasury" to the CFPB, and therefore, the CFPB's funds are effectively "drawn from the Treasury."  601 U.S. at 425 (emphasis added).  But the Federal Reserve has had no "combined earnings"—in the Supreme Court's words, no "surplus funds . . . [that] would otherwise be deposited into the general fund of the Treasury," *id.*—since late 2022 and consequently has had no lawfully-designated funds to send to the CFPB.



Fed. Rsrv. Bank of St. Louis, Liabilities and Capital: Liabilities: Earnings Remittances Due to the U.S. Treasury: Wednesday Level.[1]

As a result, the funds that the Federal Reserve has sent to the CFPB were required to be deposited into the U.S. Treasury and were not appropriated in accordance with the Appropriations Clause.  And the CFPB has not requested, or received, funding from Congress.  The CFPB thus lacks the constitutionally-appropriated funding needed to pursue this lawsuit under the statutory text and the Supreme Court's *CFSA*

---

[1] Available at https://fred.stlouisfed.org/series/RESPPLLOPNWW (all websites last accessed May 23, 2025).



May 23, 2025
Page Three

decision. Because the CFPB has brought this action against MoneyLion without proper funding, the CFPB's actions are unconstitutional, and the Court should dismiss the lawsuit.

\* \* \*

      Consistent with Individual Rule 6.A, MoneyLion proposes the following briefing schedule: (1) the CFPB may respond to this submission by June 2, 2025; (2) MoneyLion's motion to dismiss and accompanying memorandum of law to be filed by July 14, 2025; (3) the CFPB's opposition to be filed by August 14, 2025; and (4) MoneyLion's reply to be filed by August 28, 2025. In addition, pursuant to Individual Rule 6.C, MoneyLion respectfully requests oral argument on the motion to dismiss.

Respectfully submitted,

James Kim

Cooley LLP   55 Hudson Yards   New York, NY   10001-2157
t: +1 212 479 6000  f: +1 212 479 6275  cooley.com