

1700 G Street NW, Washington, D.C. 20552

*Via CM/ECF and E-Mail (CronanNYSDChambers@nysd.uscourts.gov)*

May 29, 2025

The Honorable John P. Cronan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:  *CFPB v. MoneyLion Technologies, et al.*, No. 1:22-cv-08308-JPC

Dear Judge Cronan:

    We write on behalf of Plaintiff CFPB to respond to Defendants' pre-motion letter (ECF No. 122), which notifies the Court of Defendants' intention to file a motion to dismiss the CFPB's second amended complaint based on the Bureau's alleged lack of lawful funding (hereinafter the "earnings argument"). Defendants' proposed motion to dismiss is flawed, as explained below.

    The CFPB brought this case under the Military Lending Act and the Consumer Financial Protection Act to stop Defendants from overcharging military servicemembers (and their dependents) and trapping consumers in an installment-loan related membership program—and to seek redress for the same. *See* Second Am. Compl. ¶¶ 1-5, ECF No. 119. Defendants intend to seek its dismissal under Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 122. Crucially, this is not the first time in this three-year old case that Defendants have sought to have the case dismissed under Rule 12(b)(6). *See, e.g.*, ECF No. 68.

    The Court granted Defendants' last motion to dismiss *in part* and allowed the CFPB to amend its complaint, *see* ECF No. 117; the Bureau took advantage of that opportunity and filed the second amended complaint. The Bureau's amendments provide further details regarding Defendants' lack of adequate disclosures, per the Court's invitation and instruction that the complaint's "deficiencies [] could well be fixed through additional factual allegations that identify with a greater degree of clarity which disclosures MoneyLion is alleged not to have provided and the circumstances of such nondisclosure." *See* Order at 60, ECF No. 117; Second

Am. Compl. ¶¶ 57-60, ECF No. 119. The amendments do not address in any way the Bureau's funding. With the Bureau's amendments aligning with the Court's narrowly tailored instruction, and with all other Rule 12(b)(6) arguments foreclosed by the Court's ruling on the last motion to dismiss, Defendants resort to their newly asserted earnings argument.

Defendants' proposed motion to dismiss is improper: The Federal Rules of Civil Procedure prohibit the filing of a successive Rule 12(b)(6) motion to dismiss based on an argument—here, the earnings argument—that could have been, but was not, raised in an earlier motion to dismiss. Rule 12(g)(2) provides that, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).[1] This rule "'bar[s] successive 12(b)(6) motions containing arguments that could have been raised in earlier motions.'" *Easton Rae, LLC v. Violet Grey, Inc.*, No. 21-CV-6234 (JPO), 2023 WL 2691459, at *3 (S.D.N.Y. Mar. 29, 2023) (quoting *Polidora v. Dagostino & Assocs.*, 2021 WL 4482273, at *1 n. 1 (S.D.N.Y. Sept. 29, 2021)). Defendants' new earnings argument—i.e., essentially, that the Bureau does not satisfy the prerequisites to receiving funding under the applicable statute, ECF No. 122 at 1—was not raised in their earlier motion. *See* ECF Nos. 68, 69. That motion instead raised the funding argument rejected by the Supreme Court in *Consumer Financial Protection Bureau v. Community Financial Services Association of America, Ltd.*, 601 U.S. 416 (2024), *see* ECF No. 69 at 8-9, essentially, the argument that the Bureau's funding statute violates the Constitution. But there was nothing stopping Defendants from raising their current earnings argument. They simply didn't think of it, or chose not to raise it in their previous motion (or at any other time in the preceding years), waiting instead until they received an order from the Court failing to dismiss the case.[2] Accordingly, the proposed successive Rule 12(b)(6) motion based on this argument is barred.

The fact that the Bureau has amended its complaint since Defendants filed their previous motion to dismiss does not alter this conclusion. Indeed, "[c]ourts have held that the filing of an amended complaint does not automatically revive the defenses and objections a defendant waived in its first motion to dismiss, nor does it allow a defendant to advance arguments that could have been made in the first motion to dismiss." *Falcon v. City Univ. of New York*, 2016 WL 3920223, at *13 (E.D.N.Y. July 15, 2016) (quotation marks omitted); *see also Easton Rae, LLC*, 2023 WL 2691459, at *4; *Sears Petroleum & Transp. Corp. v. Ice Ban Am., Inc.*, 217

---

[1] The referenced exceptions are inapplicable here: Rule 12(h)(2) excepts 12(b) defenses raised in a Defendant's answer, at summary judgment, or at trial, and Rule 12(h)(3) excepts any jurisdictional objection under 12(b)(1). Fed. R. Civ. P. 12(h)(2), (h)(3).

[2] The earnings argument could have been raised before *CFSA*, but even to the extent the argument was inspired by that case, *see* ECF No. 122 at 2, Defendants did not attempt to raise the argument after *CFSA* and before this Court decided their last motion to dismiss. *See* ECF No. 86 (withdrawing funding argument rejected by the Supreme Court in *CFSA* and making no mention of the funding argument underlying their proposed motion).

F.R.D. 305, 307 (N.D.N.Y. 2003). As discussed, Defendants' proposed argument could have been raised in their prior motion to dismiss. Put otherwise, "'[t]he [second] amended complaint did not change the theory or scope of the case in any way relevant to the new defense' and so Defendant[s] ha[ve] no right to raise the new [ ] defenses" in a successive motion to dismiss. *Easton Rae, LLC*, 2023 WL 2691459, at *4 (quoting *Burton v. Ghosh*, 961 F.3d 960 967 – 68 (7th Cir. 2020)). It is worth noting that Defendants are not forever barred from presenting their earnings argument. Under Rule 12, they can raise the argument in (i) a motion for judgment on the pleadings after answering, or (ii) a motion for summary judgment (or even at trial). *See* Fed. R. Civ. P. 12; *Easton Rae, LLC*, 2023 WL 2691459, at *4. What Defendants can't do is raise the argument in a successive Rule 12(b)(6) motion, as they seek to here.

Admittedly, some courts have suggested that, if required to do so, they would not fully enforce Rule 12's prohibition on successive Rule 12(b)(6) motions. *See Leighton v. Poltorak*, 2018 WL 2338789, at *1 (S.D.N.Y. May 23, 2018); *cf. In re Row NYC, LLC*, No. 2024 WL 61915, at *10-11 (Bankr. S.D.N.Y. Jan. 4, 2024). In *Leighton*, for example, the Court indicated that "there would be no point" in enforcing Rule 12's prohibition because, as noted above, the argument for dismissal could be raised in a motion for judgment on the pleadings. *See Leighton*, 2018 WL 2338789, at *1. In other words, the Court saw the prohibition as an unnecessary formality. But, while efficiency is a laudable goal, it provides no basis for a court to elide the strictures of the Federal Rules, which have the force of law. *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 844 (6th Cir. 2020) ("Promulgated pursuant to the Rules Enabling Act, 28 U.S.C. § 2072, [the Rules] are binding upon court and parties alike, with fully the force of law."). And, in fact, the existence of other avenues for raising potential arguments (i.e., motions for judgment on the pleadings or summary judgment motions) cuts the other way: it mitigates any prejudice to defendants, eliminating the need—real or perceived—to circumvent the Rule's prohibition on successive motions to dismiss. *See Easton Rae, LLC*, 2023 WL 2691459, at *4. That prohibition bars Defendants' proposed motion.

If Defendants are permitted to file the motion, the Bureau agrees to the briefing schedule proposed by Defendants: MoneyLion's motion to dismiss and accompanying memorandum of law to be filed by July 14, 2025; the CFPB's opposition to be filed by August 14, 2025; and MoneyLion's reply to be filed by August 28, 2025.

Sincerely,

*/s/ Miriam Lederer*
Miriam Lederer (NY Reg. No. 4557906)
Admitted Pro Hac Vice