

James Kim
T: +1 212 479 6256
jameskim@cooley.com

Via ECF and E-Mail
(CronanNYSDChambers@nysd.uscourts.gov)

June 3, 2025

Hon. John P. Cronan
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:    *CFPB v. MoneyLion Technologies, et al.*, No. 1:22-cv-08308-JPC

Dear Judge Cronan:

We respectfully submit this reply in support of Defendants' (collectively, "MoneyLion") proposed motion to dismiss Plaintiff's Second Amended Complaint, pursuant to Your Honor's order directing MoneyLion to respond to the CFPB's letter, dated May 29, 2025.  *See* Dkt. 126.

Rather than addressing the merits of MoneyLion's proposed motion in its May 29 letter (Dkt. 125), the CFPB relies on the procedural argument that the Federal Rules of Civil Procedure "prohibit the filing of a successive Rule 12(b)(6) motion to dismiss based on an argument [] that could have been, but was not, raised in an earlier motion to dismiss."  *See* Dkt.125 at 2.  The Court should reject the CFPB's argument for two reasons.  First, the "earnings" argument discussed in MoneyLion's May 23 letter materialized after the parties fully briefed the motion to dismiss the CFPB's first amended complaint.  Second, courts in the Southern District of New York consistently hold that the Federal Rules do not bar a successive Rule 12(b)(6) motion to dismiss.

1.    **MoneyLion's Proposed Argument Relies On "New Reasoning" From The U.S. Supreme Court**

Rule 12(g)(2) only applies to "a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).  Therefore, courts in the Southern District have recognized that a party waives a defense only if "it previously made a Rule 12(b) motion, the [] defense was available to the moving party at that time, and the moving party omitted that defense from its motion."  *Laydon v. Mizuho Bank, Ltd.*, 2015 WL 1499185, at *5 (S.D.N.Y. Mar. 31, 2015).  When a successive motion rests on new law, as is the case here, it is not barred by the Federal Rules.  In *In re Salomon Analyst Litig.*, the Southern District allowed a successive motion to dismiss because the Second Circuit had decided a case that "advance[d] new reasoning addressing a significant issue in the case."  373 F. Supp. 2d 252, 256 (S.D.N.Y. 2005).

Here, MoneyLion's proposed motion relies on new reasoning from the Supreme Court. On May 16, 2024, the Supreme Court decided *CFPB v. Cmty. Fin. Servs. Ass'n of Am. ("CFSA")*,

June 3, 2025
Page 2

where it held that funding from the combined earnings of the Federal Reserve complies with the Constitution's Appropriations Clause because the Federal Reserve transfers "*surplus* funds in the Federal Reserve System [that] would otherwise be deposited into the general fund of the Treasury" to the CFPB, so that the CFPB's funds are effectively "drawn from the Treasury." 601 U.S. 416, 425 (emphasis added). The Supreme Court's emphasis on the Federal Reserve's "surplus" funds did not merely "inspire" MoneyLion. *See* Dkt.125 at 2. Rather, it forms the basis of MoneyLion's argument that the Federal Reserve's lack of "surplus funds" since late 2022 means that the Federal Reserve has lacked, and continues to lack, lawfully designated funds to send to the CFPB. *See* Dkt.122 at 2.

MoneyLion's motions to dismiss the initial complaint and the first amended complaint preceded the Supreme Court's new reasoning in *CFSA*. MoneyLion filed its second motion to dismiss on July 11, 2023—nearly a year *before CFSA* was decided. *See* Dkt.68. And while the CFPB argues that the argument should have been raised in the parties' joint status letter, *see* Dkt.125 at 2, that letter had to be filed only two weeks after the Supreme Court's decision in *CFSA*. *See* Dkt.86 (filed on May 30, 2024). Two weeks did not provide MoneyLion enough time to assess that decision and its potential impact on this case. Moreover, as discussed below, raising the argument at that time would not have furthered judicial efficiency since the motion to dismiss pending at that time was potentially dispositive of the entire case and the parties—if Your Honor granted permission—would have needed to (re)brief an amended or superseding motion to dismiss.

*2.    The SDNY Allows Successive Motions To Dismiss For Failure To State A Claim*

Even if this defense had been available to MoneyLion, it is settled practice in the Southern District to allow successive motions to dismiss for failure to state a claim. Courts recognize that, so long as parties are not acting in bad faith, successive 12(b)(6) motions further judicial efficiency and reflect the commonsense goals of the Federal Rules. Here, MoneyLion's proposed motion to dismiss presents the most efficient course for this litigation.

Courts in the Southern District consistently allow successive Rule 12(b)(6) motions because of their importance to defendants and the structure of the Federal Rules. Failure to state a claim is a "fundamental defense" that "a defendant cannot waive." *See United States ex rel. Kolchinsky v. Moody's Corp.*, 238 F. Supp. 3d 550, 555–56 (S.D.N.Y. 2017), *on reconsideration in part*, 2017 WL 3841866 (S.D.N.Y. Sept. 1, 2017). And "Rule 12 specifically allows for successive motions to dismiss for failure to state a claim." *Sharma v. Skaarup Ship Mgmt. Corp.*, 699 F. Supp. 440, 444 (S.D.N.Y. 1988), *aff'd*, 916 F.2d 820 (2d Cir. 1990); *See also In re Parmalat Sec. Litig.*, 497 F. Supp. 2d 526, 530 (S.D.N.Y. 2007) (same).

The CFPB cites *Leighton v. Poltorak*, which supports MoneyLion's proposed course of action because it shows that courts typically allow successive motions. 2018 WL 2338789, at *1 (S.D.N.Y. May 23, 2018). The *Leighton* court relied on the Second Circuit's holding that it "makes eminently good sense" that a successive motion to dismiss "should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)." *Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). Because the *Leighton* defendants had not yet filed an answer, the court concluded that "there would be no point in denying this motion, as defendants would be free to make an essentially identical motion pursuant to Rule 12(c) after

June 3, 2025
Page 3

filing their answer" and considered defendants' motion on the merits. *Leighton*, 2018 WL 2338789, at *1; *see also In re Row NYC, LLC*, 2024 WL 61915, at *10–11 (Bankr. S.D.N.Y. Jan. 4, 2024) ("District courts in this Circuit have permitted a successive Rule 12(b)(6) motion despite the mechanical requirement of Rule 12(g)(2)."). In fact, courts only bar successive motions when they are the product of dilatory or bad faith conduct by the moving party. *See Id.* at *11; *Sharma*, 699 F. Supp. at 444 (allowing a successive Rule 12(b)(6) motion where the motion was not "frivolous" and was not "brought to delay the action").

In the face of this precedent, the CFPB only cites two cases that concern Rule 12(b)(6) motions, and in both of those cases, the court ultimately allowed the argument to be raised. *See Falcon v. City Univ. of New York*, 2016 WL 3920223, at *14 (E.D.N.Y. July 15, 2016) (holding that defendants may make the same arguments in their answer or a 12(c) motion); *Easton Rae, LLC v. Violet Grey, Inc.*, 2023 WL 2691459, at *4 (S.D.N.Y. Mar. 29, 2023) (same).

Here, MoneyLion's proposed motion to dismiss is the most efficient course. MoneyLion has not filed an answer, so delaying the "earnings" argument until a 12(c) motion or, after discovery, a motion for summary judgment, would waste time and resources. As discussed earlier, MoneyLion's proposed motion to dismiss is the earliest this issue could have been raised, because MoneyLion's argument relies on the Supreme Court's new reasoning in *CFSA*. To raise the earnings argument soon after the Supreme Court decided *CFSA*, MoneyLion would have been required to file a motion for leave to amend the motion to dismiss pending at that time, along with a proposed, amended motion to dismiss—further delaying the proceedings. *See* Fed. R. Civ. P. 15(a)(2); Local Rule 15.1 (2025). In addition to being inefficient, doing so would have required MoneyLion to disrupt an outstanding motion that was ultimately successful in obtaining dismissal of multiple claims. *See* Dkt.117 at 2.

Throughout this litigation, MoneyLion has acted in good faith. When it was clear that the pending decision in *CFSA* would be potentially dispositive, MoneyLion sought a stay to conserve judicial resources. *See* Dkt.77. MoneyLion also consented to the CFPB's untimely request to file the first amended complaint, even after the parties had fully briefed the motion to dismiss the initial complaint. *See* Dkt.64 at 2. MoneyLion now respectfully requests that it be allowed to file its proposed motion to dismiss.

Respectfully submitted,

James Kim