

James Kim  
T: +1 212 479 6256  
jameskim@cooley.com

Via ECF and Email

December 5, 2025

Honorable John P. Cronan  
United States District Court  
Southern District of New York  
500 Pearl Street, Room 1320  
New York, New York 10007

Re: <u>Consumer Financial Protection Bureau, et al. v. MoneyLion Technologies, Inc., et al.</u>,  
Case No. 1:22-cv-08308

Dear Judge Cronan:

We represent Defendants in the above-referenced matter. We write to respectfully request that the Court strike from the docket the unauthorized letter filed by non-party law firm Pearson Warshaw, LLP on December 3, 2025, seeking modification of the Stipulated Final Consent Judgment ("Consent Judgment") (ECF No. 148), which Your Honor declined to entertain (ECF No. 149). Plaintiff Consumer Financial Protection Bureau consents to this request.

Pearson Warshaw, LLP does not represent a party in this action; it represents a non-party in a separate case pending before a different judge in this District. Although Pearson Warshaw apparently designated itself as an "interested party" on the docket here to file its letter, it did not have permission from Your Honor and did not file a motion to intervene. Indeed, the Court observed this fact in its December 4, 2025 order declining to entertain Pearson Warshaw's request. ECF No. 149. The letter was therefore an unauthorized and improper attempt to advance a non-party law firm's interests in a separate matter. *See, e.g.*, *In re Andrew Delaney*, No. 1:25-cv-0963, 2025 WL 457895, at *1 n.2 (S.D.N.Y. Feb. 11, 2025) (noting that "a nonparty" in an action "is not permitted to file documents in that action without being granted leave to intervene"); *Annabi v. NYU Stern Sch. Bus.*, No. 22-cv-3795 (S.D.N.Y. Aug. 3, 2022), ECF No. 25 (rejecting non-party's request to be added as an "interested party" on the docket because a non-party who did not satisfy the standards for intervention "should not file papers on ECF as he is not a party or representative of a party in this action").

We respectfully request that the Court strike the unauthorized and improper filing from the docket. "A court has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant for bad-faith conduct." *Sussman v. Bank of Isr.*, 56 F.3d 450, 459 (2d Cir. 1995), *cert. denied sub nom. Bank of Isr. v. Lewin*, 516 U.S. 916 (1995). As part of that inherent power, courts regularly "strike material from the docket . . . reflecting procedural impropriety or lack of compliance with court rules or orders." *Jones v. Metro. Life Ins. Co.*, No. 08-cv-03971, 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010) (citing authorities); *see also Harris Corp. v. Fed. Express Corp.*, No. 6:07-cv-1819, 2010 WL 11474444, at *1 (M.D. Fla. Mar. 3, 2010) ("The Court may, among other things, strike a non-compliant motion or other filing."). This is especially true in the case of "an unauthorized filing of a **nonparty**." *In re Matter of Certain Claims & Noticing Agents' Receipt of Fees in Connection With Unauthorized Arrangements With Xclaim Inc.*, 647 B.R. 269, 281 (Bankr. S.D.N.Y. 2022) (internal citation omitted) (emphasis added).

"Simply stated, a federal court docket is **for parties** to file pleadings and other documents relevant to the merits of the case; it is not a forum for a nonparty [law firm] to file a letter . . . ." *Id.* at 285 (emphasis



Honorable John P. Cronan
December 5, 2025
Page Two

added).  Here, the non-party law firm unilaterally designated itself as an "interested party" without leave of Court in order to improperly file its self-serving letter, to which we further note, neither party consented.

For the foregoing reasons, we respectfully request that the Court strike the non-party's unauthorized filing from the docket.  We thank the Court in advance for its time and consideration.

Respectfully,

*/s/ James Kim*
James Kim

Cooley LLP   55 Hudson Yards   New York, NY   10001-2157
t: +1 212 479 6000  f: +1 212 479 6275  cooley.com